(No. 25276.—

FRED BRUMFIELD *et al.* Appellants, *vs.* LOUIS WISE *et al.* Appellees.

*Opinion filed February 13, 1940—Rehearing denied April 3, 1940.*

DAVID J. MADDOX, for appellants.

LEO L. DONAHOE, and K. B. CZARNECKI, for appellees.

Mr. Justice Stone delivered the opinion of the court:

Appellants filed a complaint in the superior court of Cook county seeking enforcement of a certain contract to convey real estate, alleged to have been made with Joseph S. Wise, deceased, concerning the reduction of the purchase price of property which appellants contracted to purchase, through Wise, from the defendant Alexander. Appellants also, by their complaint, seek to have the title held by Louis Wise and his wife, heirs-at-law of Joseph S. Wise, deceased, declared a cloud upon appellants' title, and that a certain trust deed executed by Louis Wise and wife be declared null and void and the trustee therein be decreed to convey the title now held by it in trust, to appellants, and that Louis Wise and wife, as heirs-at-law of Joseph S. Wise, deceased, be declared resulting or constructive trustees holding title for appellants by reason of fraud perpetrated upon them in the purchase of the property from said Joseph S. Wise in his lifetime. The chancellor, on hearing, dismissed their complaint for want of equity and the cause is here for review.

The amended complaint charges that appellants employed one Joseph S. Wise, a real estate broker, to purchase certain real estate in the city of Chicago and deposited with him $800 as earnest money, with agreement to pay an additional $2200 when the contract to purchase was executed, the balance of the purchase price to be paid in monthly payments. It is then charged that Wise later advised them he could not purchase the property they sought but that he had property listed with him by his friend Max Alexander, one of the defendants to this action, at a purchase price of $30,000, for a down payment of $3,000 and monthly payments of $275 as principal and interest. It appears from the complaint that the preliminary contract for the purchase of that property was entered into on October 7, 1924, and the contract itself was completed on November 10, following, by which plaintiff

paid a total of $3,000 and contracted to pay the sum of $275 per month, on a purchase price of $30,000.

The complaint charges that Max Alexander and Florence, his wife, were not the owners of the title at the time of this transaction but that Wise was the owner thereof, and that Max and Florence Alexander were merely the holders of articles of agreement for a warranty deed for $27,500, and that Wise, though plaintiff's agent, falsely and fraudulently, and with intent to deceive, represented to the plaintiff that the property belonged to Max and Florence Alexander, and that the selling price was $30,000; that these representations were in furtherance of a scheme in which Wise was aided by Max Alexander to sell the former's property to the plaintiff at an exorbitant profit.

The complaint alleges that some years after the sale, appellant told Wise that he thought he had charged too much for the property and asked him to see if Alexander would not reduce the price and the monthly payments, and that Wise informed him that Alexander had nothing to do with the property; that he never owned it but that he, Wise, had always been the owner; that he was going to California and would immediately reduce the monthly payments to $250 and when he returned would correct the mistake in the selling price, give plaintiff a deed to the property and take back a small mortgage; that Wise was killed while in the West and that appellant continued to make payments of $150 a month until 1936, when he decided he had paid enough to entitle him to a deed and asked Louis Wise, heir-at-law of Joseph S. Wise, deceased, for a deed in accordance with the agreement he alleges in his complaint he had with Joseph S. Wise. The charge is that Louis Wise refused and served notice of intention to forfeit the contract. The complaint prays that Louis Wise and his wife be decreed to convey the property by warranty deed to the plaintiffs, on the ground that the title now held by Louis Wise and his wife is a

resulting or constructive trust for the benefit of the plaintiff by reason of the fraud perpetrated upon him by the said Joseph S. Wise in his lifetime. The cause was referred to a master who heard the evidence and recommended dismissal of the complaint. Exceptions were overruled and the complaint was dismissed for want of equity. Of this action the plaintiffs, as appellants, here complain.

Appellants offered in evidence, as supporting their complaint, the preliminary contract for sale of this property which provides that the seller pay the broker's commission to Wise and Thompson, and appellant testified that the Wise, of Wise and Thompson, although supposedly receiving a broker's commission, was the actual owner of the property. Appellant Brumfield testified that he had paid $28,000 on the contract entered into between himself and Max Alexander for the purchase of the property; that some years after the contract was executed and payments thereunder began, he had a talk with Wise. He also testified, over the objection of the defendant as to his competency, that he had later talked with Wise and told him he thought Wise sold the property to him for too much and asked him to see if he could not get a reduction of that price; that, again, in 1926, he asked Wise about the property and Wise told him that Alexander had nothing to do with the property; that he had only had a contract on it; that Wise had the title to the property at all times; that he knew the price was too high and when he returned from Los Angeles he would make things all right; that he had never expected to get over $20,000 because he had sold it to his niece, and for appellant to come and see him when he returned and he would straighten it out. He testified that Wise was killed while in the West and that nothing had been done towards straightening out the matter. It is not contended that payments stipulated by the contract with Alexander, have been kept up. This is the only evidence in the record of a subsequent contract

between him and Wise upon which he bases his averments that Louis Wise and his wife hold this property in trust for appellant. This testimony was objected to on the ground that under section 2 of the Evidence act, (Ill. Rev. Stat. 1939, chap. 51, par. 2,) appellant was incompetent to testify to conversations with Wise during his lifetime. Under that section "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as * * * heir, legatee or devisee of any deceased person."

In *Kelsy* v. *Snyder*, 118 Ill. 544, a case very similar to this one, where a bill was filed against the administrator of an estate and an heir of the intestate to declare in force a resulting trust as to property standing in the name of the intestate, the complainant was held incompetent to testify in his own behalf as to transactions and conversations with the deceased in his lifetime. This court has in no case announced a different rule on facts such as are before us, and citations of counsel for appellants are not applicable to a situation of this kind. The chancellor properly held that appellant was an incompetent witness to testify as to conversations with Joseph S. Wise during his lifetime, so far as Louis Wise and his wife are concerned, as they are here sued as heirs-at-law of Joseph S. Wise, deceased. This testimony being incompetent as to Louis Wise and his wife, there is no proof in the record, binding on them, of any such subsequent contract as appellants claim, and, as appellants defaulted on the contract of purchase, the chancellor did not err in dismissing appellants' complaint for want of equity.

The decree of the superior court is affirmed.

*Decree affirmed.*